UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSE GARZA on Behalf of Himself and on Behalf of All Others Similarly Situated, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 4:17-cv-446 |
| ELITE ROOF SOLUTIONS, INC., and EVAN M. ELLISON, | § § § § | JURY TRIAL DEMANDED |
| Defendants. | § | |

PLAINTIFF'S ORIGINAL COMPLAINT
COLLECTIVE ACTION & JURY DEMAND

1. Defendant Elite Roof Solutions, Inc. and Evan M. Ellison ("Defendants") required Plaintiff Jose Garza ("Plaintiff") to work more than forty (40) hours a week under the job title of "quality inspector." Defendants paid Plaintiff under two separate regimes, each of which violate the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a). First Defendants misclassified Plaintiff as an independent contractor and paid him on a day rate basis without overtime. Later, despite no change in his duties, Defendants reclassified Plaintiff as an employee but only paid him a salary, again without overtime.

2. Defendants' conduct violates the Fair Labor Standards Act ("FLSA"), which mandates that non-exempt employees, such as Plaintiff and other similarly situated employees, be compensated at one and one-half times their regular rate for each hour worked over forty hours per week. *See* 29 U.S.C. § 207(a).

3. Plaintiff brings a collective action to recover unpaid overtime compensation owed to him individually and on behalf of all current and former day rate paid workers and other workers paid a salary without overtime who performed work for Defendants during the three-year period

1

before the filing of this Complaint up to the date the Court authorizes notice. Members of the collective action are hereinafter referred to as the "Day Rate Class" and the "Salary Misclassification Class" (collectively the "Class Members").

4. Defendants cannot satisfy their burden to show that any FLSA exemption applies to Plaintiff or other Class Members. As such, Defendants owe Plaintiff and Class Members back pay at the time and one-half rate for all hours worked over 40 in a workweek, liquidated damages, attorneys' fees and costs.

## SUBJECT MATTER JURISDICTION AND VENUE

5. This court has federal question jurisdiction over the subject matter of this action per 28 U.S.C. § 1331 as this case is brought under the laws of the United States, specifically the Fair Labor Standards Act, 29 U.S.C. § 216(b).

6. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to this claim occurred in this District.

7. Plaintiff worked in this District when the violations took place.

8. Defendant Elite Roof Solutions, Inc. maintains its principal headquarters in Houston, Texas.

9. Defendant Evan M. Ellison is a resident of Harris County.

10. Defendants' compensation policies and practices, including those that violate the FLSA as alleged herein, originated and were decided at Defendants' principal headquarters in Houston, Texas.

## PARTIES AND PERSONAL JURISDICTION

11. Plaintiff Jose Garza is an individual residing in Harris County, Texas. Plaintiff's written consent to this action is attached hereto as Exhibit A.

12. Defendant Elite Roof Solutions, Inc. is a corporation organized under the laws of Texas. Defendant may be served process through its registered agent Evan M. Ellison, 1725 Crescent Plaza Drive #3137, Houston, Texas 77077.

13. Defendant Evan M. Ellison is the President and Director of Elite Roof Solutions, Inc. Defendant Ellison can be served at his principle place of business of 1725 Crescent Plaza Drive #3137 Houston, TX 77077 or at his residence of 15714 Jordan Canyon Ln. Cypress, TX 77429.

## FLSA COVERAGE

14. In an FLSA case, the following elements must be met: (1) the existence of an employment relationship; (2) that Plaintiff was engaged in commerce or employed by an enterprise engaged in commerce; (3) that Defendant failed to pay Plaintiff overtime/minimum wage; and (4) that Plaintiff is owed the amount claimed by a just and reasonable inference. *See, e.g., Jones v. Willy, P.C., Civil Action No*. H-08-3404, 2010 WL 723632, at *2 (S.D. Tex. Mar. 1, 2010) (citing 29 U.S.C. § 207(a) and *Harvill v. Westward Commc'ns, L.L.C.,* 433 F.3d 428, 439 (5th Cir. 2005)).

15. At all material times, Defendants have been an employer within the meaning of 3(d) of the FLSA of both Plaintiff and the Class Members. 29 U.S.C. § 203(d).

16. The Fair Labor Standards Act ("FLSA") defines the term "employer" broadly to include "any person acting directly or indirectly in the interest of an employer in relation to any employee." 29 U.S.C. § 203(d).

17. The statutory definition of "employer" includes corporate officers, participating shareholders, supervisors, managers, or other employees where that individual exercises some supervisory authority over employees and is responsible in whole or in part for the alleged

violation.  *See id.*; *Reich v. Circle C. Investments, Inc.*, 998 F.2d 324, 329 (5th Cir. 1993); *Donovan v. Grim Hotel Co.*, 747 F.2d 966, 971-72 (5th Cir. 1984).

18. Defendant Ellison is the owner of Elite Roof Solutions, Inc.

19. Defendant Ellison is involved in the day-to-day business operation of Defendant Elite Roof Solutions, Inc.

20. Defendant Ellison controlled the Plaintiff's schedule.

21. Defendant Ellison had final authority over the content of employee handbooks.

22. Defendant Ellison approved Plaintiff's raises and bonuses.

23. Defendant Ellison had authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the business's checking accounts, including payroll accounts, and the authority to make decisions regarding employee compensation and capital expenditures.

24. Defendant Ellison made the decision to classify Plaintiff as a contractor and then as a salary paid employee.

25. Defendant Ellison made the decision not to pay Plaintiff overtime.

26. Defendant Ellison made the decision not to pay Class Members overtime.

27. As such, Defendant Ellison is the employer of Plaintiff and Class Members within the meaning of 3(d) of the FLSA, and is jointly, severally, and liable for all damages.

28. "The Supreme Court has made clear that the FLSA extends federal control 'throughout the farthest reaches of the channels of interstate commerce.'" *Alvarez v. Amb-Trans Inc.,* 2012 WL 4103876 *2 (W.D. Tex., 2012), (citing *Walling v. Jacksonville Paper Co.,* 317 U.S. 564, 567). "The Fifth Circuit has also emphasized that no de minimis rule applies to the FLSA; any regular contact with commerce, no matter how small, will result in coverage."

*Alvarez*, 2012 WL 4103876 *2 (*Citing Marshall v. Victoria Trans. Co., Inc.,* 603 F.2d 1122, 1124 (5th Cir.1979)).

29. "The FLSA protects employees who fall under either of two types of coverage: (1) 'enterprise coverage,' which protects all those who are 'employed in an enterprise engaged in commerce or in the production of goods for commerce,' or (2) 'individual coverage,' which protects those who are individually 'engaged in commerce or in the production of goods for commerce,' regardless of whether the employer constitutes an enterprise." *Duran v. Wong* 2012 WL 5351220, *2 (S.D. Tex., 2012); *See also*, 29 U.S.C. § 207(a)(1); *See also Martin v. Bedell,* 955 F.2d 1029, 1032 (5th Cir. 1992) (*"Either* individual *or* enterprise coverage is enough to invoke FLSA protection.").

30. Both the individual and enterprise coverage are applicable in this case.

31. First, with regards to individual coverage, the FLSA states that if the employee is "engaged in commerce or in the production of goods for commerce," individual coverage applies. 29 U.S.C. § 207(a)(1). "In determining whether an employee is engaged in interstate commerce within the meaning of the FLSA, the Fifth Circuit applies a 'practical test.'" *Aberle v. Saunders MEP, Inc.,* 2011 WL 2728350, *3 (E.D.Tex., 2011) (*citing Sobrinio v. Medical Ctr. Visitor's Lodge, Inc.,* 474 F.3d 828, 829 (5th Cir. 2007)). "Any regular contact, no matter how minimum, will result in coverage under the FLSA. *Id*. (*citing Marshall v. Victoria Transp. Co.,* 603 F.2d 1122, 1124 (5th Cir. 1979)); (*See also*, *Sobrinio,* 474 F.3d at 829). "The employee's work must be "entwined with the continuous stream of interstate commerce.'" *Id*. (citing *Marshall,* 603 F.2d at 1125). "A key factor in determining if a plaintiff engaged in commerce for purposes of individual coverage under the FLSA is whether such activities were a 'regular and recurrent' part of the plaintiff's employment duties." *Id*. (*citing,* 29 C.F.R. 776.10(b)).

5

32. At all material times, Plaintiff and the Class Members were individual employees who engaged in commerce or in the production of goods for commerce as required by 29 USC § 206-207.

33. Here, Defendants employed Plaintiff and the Class as part of its roof installation business. Plaintiff's and the Class Members' regular job duties consisted of serving customers and installing roofs using shingles, nails, and tools that moved through interstate commerce.

34. Second, with regards to enterprise coverage, the FLSA states that it applies to "employees of enterprises that (1) have other employees engaged in interstate commerce and (2) have an annual gross volume of business equal to or in excess of five hundred thousand dollars." *Aberle,* 2011 WL 2728350, *3, *(citing,* 29 U.S.C. § 203(s)(1)(A)).

35. Here, Defendants have had, and continues to have, an annual gross business volume in excess of the statutory minimum.

36. In addition to Plaintiff, Defendants have employed numerous other employees, who like Plaintiff, are employees engaged in interstate commerce. Further, Defendants themselves engaged in interstate commerce because they order supplies across state lines, conduct business deals with merchants across state lines, advertise on the internet with companies based in other states, process customers' credit cards with banks in other states, and sell equipment that moved across state lines.

## FACTS

37. Defendant Elite Roof Solutions, Inc. does business across the state of Texas under the trade name Elite Roof Solutions, Inc. It has offices in Houston, North Richland Hills, and San Antonio. Defendant's primary public offering is the installation and repair of residential and business roofs.

38. Defendant Ellison is the owner, president, and director of Defendant Elite Roof Solutions, Inc.

39. Elite Roof Solutions, Inc. does business as Elite Roofing Solutions.

40. Plaintiff Garza worked for Defendants from approximately July of 2015 to November of 2016 under the job title of "quality inspector." From approximately July of 2015 until November of 2015, Defendants classified Plaintiff as an independent contractor and paid him a day rate without overtime. In approximately December of 2015, Defendants classified Plaintiff as an employee and paid him a salary, also without overtime.

41. When Plaintiff was reclassified as an employee, his job duties did not change.

42. While working under the job title of a "quality inspector," Plaintiff's job duties were straightforward. He was responsible for ensuring that the Elite Roof Solutions, Inc.'s job sign was prominently displayed in the yard where Defendants' roofing crews were working. He made sure that pools or other water features were covered with a tarp during roofing construction and that each shingle was held down by the requisite number of nails.

43. His job was not a supervisory position. He conducted no employee interviews. He evaluated no other employees, and he lacked the ability to make any hiring and firing decisions.

44. His work involved a substantial amount of manual labor, including climbing up and down ladders, traversing roofs, moving tarps, and nailing down shingles.

45. Plaintiff was neither an independent contractor nor an exempt employee.

46. Defendants instructed Plaintiff about when, where, and how he was to perform his work.

47. Defendants scheduled Plaintiff's jobs, provided him with detailed instructions as to how to perform his work, and assigned him so many hours per week that as a practical matter he was precluded from working elsewhere.

48. During the period when Plaintiff was misclassified as an independent contractor, there was not a single week in which he worked less than 5 days and in most weeks he worked 6 to 7 days, typically working at least 12 hours a day. His work was integrated into and integral Defendant's roofing operations. Under such facts, Plaintiff was an employee under the FLSA, not an independent contractor.

49. Likewise, Plaintiff is not an exempt employee. He performed physical labor in a non-supervisory capacity. His work was governed by rote standards and required no exercise of independent judgment or discretion.

50. When he was classified as a salaried exempt employee, he was also working a substantial amount of overtime hours per week, commonly working 6 to 7 days a week for 10 to 12 hours a day.

51. Believing he was entitled to overtime pay, Plaintiff complained repeatedly to his immediate supervisor Marcus Matthews. He lodged complaints beginning in September of 2016 and again in October of 2016. He informed Mr. Matthews that if he worked the schedule he was working, he should be paid overtime. In response, Defendants provided Plaintiff with a letter informing him that his position had been eliminated and terminated Plaintiff's employment.

52. Defendants have built its business on underpaying its employees. It employs dozens of other workers across the state that it illegally misclassifies as independent contractors and pays only a day rate as well as dozens of other workers that it misclassifies as salaried exempt. These employees should be apprised of this action and informed of their right to join it.

## COLLECTIVE ACTION ALLEGATIONS

53.     Plaintiff brings this suit as an FLSA collective action pursuant to 29 U.S.C. § 216(b) on behalf of two classes of Defendantss employees:

**Day Rate Class**:  All workers of Defendants paid on a day rate basis within three years from the commencement of this action to the present.

**Salary Misclassification Class:**  All of Defendants' manual laborers classified as salary exempt within three years from the commencement of this action to present.

54.     Plaintiff has first-hand knowledge, through his personal work experience and communications with other employees of the Defendants, that these classes of similarly-situated employees exist who have been denied the FLSA's overtime premium by being subjected to the same illegal pay practices described above.

55.     Defendants use the same compensation structure regardless of the location of employment of a particular Class Member.

56.     Defendants use the same compensation structure regardless of the supervisor of a particular Class Member.

57.     All Class Members perform the same essential job functions regardless of branch location.

58.     Defendants have a common job description that applies to all Class Members.

59.     As such, Class Members are similar to Plaintiff in terms of relevant job duties, pay structure, misclassification as exempt employees, and the denial of overtime pay.

60.     The names and address of the Class Members of the collective action are available from Defendants' records.  The Class Members should be allowed to receive notice via First Class Mail, email and via a website with basic information about the lawsuit or by use of techniques and a form of notice like those customarily used in representative actions.

61. Although the exact amount of damages may vary among individual Class Members, the damages for each individual can be easily calculated.

## CAUSES OF ACTION

### Count I
### Violation of the Fair Labor Standards Act
### Failure to Pay Overtime
### (Collective Action)

62. Plaintiff incorporates the preceding paragraphs by reference.

63. For all time worked in excess of forty (40) hours each week, Plaintiff and Class Members were entitled to be paid one and one-half times their regular rates. 29 U.S.C. § 207.

64. Defendants violated the FLSA by failing to pay Plaintiff and Class Members an overtime premium for hours worked in excess of 40 hours in a workweek because they misclassified those workers as exempt or as independent contractors.

65. Defendants cannot satisfy its burden to show that any exemption applies.

66. Defendants have, therefore, violated and continues to violate the FLSA by not paying Plaintiff and Class Members consistent with the FLSA for their overtime hours.

67. Defendants' failure to pay overtime in accordance with the FLSA was willful and not based on a good faith belief that its conduct did not violate the FLSA.

68. As such, the foregoing conduct, as alleged, constitutes a willful violation within the meaning of the FLSA. 29 U.S.C. § 255(a).

69. Defendants intentionally misclassified Plaintiff and Class Members in order to avoid their obligations under the FLSA.

70. Plaintiff will seek to certify these classes as a collective action under 29 U.S.C. § 216(b).

## Count II
## Violation of the Fair Labor Standards Act
## Retaliation
## (On Behalf of Plaintiff Individually)

71. Plaintiff incorporates the proceeding paragraphs by reference.

72. Defendants terminated Plaintiff's employment because he engaged in protected activity under 29 U.S.C. § 215(a)(3), specifically, Plaintiff complained to his supervisor that he was not being paid overtime and he was terminated because of these complaints.

73. As a result of Defendants' retaliation, Plaintiff has suffered damages, including but not limited to, emotion distress, lost wages, and legal costs. As of the filing date of this Compliant, Plaintiff has been unable to secure replacement employment.

74. Defendants' conduct was outrageous and malicious, was intended to injure Plaintiff, and was done with reckless indifference to Plaintiff's protected rights, entitling Plaintiff to an award of punitive damages.

75. For this act of retaliation, Plaintiff seeks compensatory, emotional distress, and punitive damages, as well as attorney's fees and costs, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

### DAMAGES SOUGHT PURSUANT TO 29 U.S.C. § 216(b)

76. Plaintiff and Class Members are entitled to recover their unpaid overtime compensation for all time worked in excess of forty (40) hours in a single week.

77. Plaintiff and Class Members are entitled to recover an equal amount of their unpaid overtime premiums as liquidated damages.

78. Plaintiff and Class Members are also entitled to recover their attorney's fees and costs as required by the FLSA.

79. As to Count II, Plaintiff is entitled to recover an award of general and compensatory damages, including but not limited to emotion distress.

80. As to Count II, Plaintiff is entitled to an award of punitive damages.

## JURY DEMAND

81. Pursuant to his right under the Constitution of the United States, U.S. CONST. amend. VII, and FED R. CIV. P. 38(a), Plaintiff hereby demands trial by jury.

## PRAYER FOR RELIEF

82. For these reasons, Plaintiff respectfully requests that judgment be entered in favor of himself and the Class Members awarding them:

   a. Overtime compensation for all hour works in excess of forty (40) per week at the rate of one and one-half times their regular rates of pay;

   b. An equal amount of their unpaid overtime premiums as liquidated damages, as allowed under the FLSA;

   c. Reasonable attorney's fees, costs, and expenses of this action as provided by the FLSA; and

   d. Such other and further relief to which Plaintiff and Class Members may be entitled, both in law and in equity.

Respectfully submitted,

By: /s/ Beatriz Sosa-Morris
Beatriz-Sosa Morris
SOSA-MORRIS NEUMAN
ATTORNEYS AT LAW
BSosaMorris@smnlawfirm.com
Texas State Bar No. 24076154
5612 Chaucer Drive
Houston, Texas 77005
Telephone: (281) 885-8844
Facsimile: (281) 885-8812

LEAD ATTORNEY IN CHARGE FOR PLAINTIFF AND CLASS MEMBERS

OF COUNSEL:
John Neuman
JNeuman@smnlawfirm.com
State Bar No. 24083560
SOSA-MORRIS NEUMAN
ATTORNEYS AT LAW
5612 Chaucer Drive
Houston, Texas 77005
Telephone: (281) 885-8830
Facsimile: (281) 885-8812