

Beatriz Sosa-Morris, Partner*
John Neuman, Partner*
www.SMNlawfirm.com
www.AbogadosDeLabor.com
*Licensed in the State of Texas

Sosa-Morris Neuman
Attorneys at Law
Abogados

5612 Chaucer Drive
Houston, Texas 77005
Toll Free: 1-844- 88 Labor
Phone: 281-885-8844
Fax: 281-885-8813

May 25, 2017

**CONFIDENTIAL COMMUNICATION FOR SETTLEMENT PURPOSES ONLY**

<u>Via Electronic Mail: jormond@loveinribman.com</u>
Jack Ormond
LOVEIN RIBMAN, PC
109 River Oaks Drive, Suite 100
Southlake, Texas 76092

Re:   *Garza v. Elite Roof Solutions, Inc.*, Case No. 4:17-cv-00446, currently pending in the United States District Court for the Southern District of Texas, Houston Division

Dear Jack,

Now that you have begun the process of responding to our discovery and gathering the documents we requested, I wanted to reach out to Elite Roof Solution ("Elite") in order to resolve this matter prior to any additional expenditure of attorneys' fees and costs. Please consider this Plaintiff's good faith offer to resolve the pending dispute.

In a typical FLSA demand letter, I tend to find that a significant amount of space needs to be devoted to the job duties a plaintiff performed to refute any arguments regarding the applicability of the FLSA's exemptions. However, in reviewing Elite's answer and in the conversations with your office leading up to our case management plan, it is apparent that Elite is not asserting that Mr. Garza is exempt from overtime. Specifically, Elite has admitted the following factual allegations from our complaint:

> ¶ 43:  His job was not a supervisory position. He conducted no employee interviews. He evaluated no other employees, and he lacked the ability to make any hiring and firing decisions.

> ¶ 44:  His work involved a substantial amount of manual labor, including climbing up and down ladders, traversing roofs, moving tarps, and nailing down shingles.

Given these admissions, Mr. Garza cannot be covered by the executive exemption because Elite has admitted he was not a supervisor and Mr. Garza cannot be covered by the administrative exemption because Elite has admitted his work involved manual labor. *See* 29 C.F.R. §§ 541.100, 541.200. On top of this, Elite has asserted no exemption as an affirmative defense in its answer. Given the state of the pleadings then, it would appear that we are in agreement that Mr. Garza was a non-exempt employee entitled to receive overtime. Instead of asserting any exemption affirmative defenses, Elite's position is that Mr. Garza just did not work overtime and Elite takes

**Exhibit 5**

that position likely because the records it has in its possession suggest that Mr. Garza was only working 8 hours days.

However, the reason Mr. Garza's time records show him only working 8 hours days is because that is all his supervisor, Marcus Matthews, would allow him to record. Mr. Garza has worked in the construction industry for most of his life and he is accustomed to receiving overtime pay for his overtime hours. Knowing this, at the initiation of his employment with Elite, Mr. Garza attempted to provide Mr. Matthews with an accurate tabulation of his hours when he submitted his bi-weekly time sheet. Mr. Matthews informed him that, because he was paid a salary, all he was allowed to record was 8 hours a day. The following pay period, Mr. Garza again attempted to turn in an accurate timesheet. This time, Mr. Matthews crumpled it up in front of him. After that, Mr. Garza toed the company line and submitted time sheets showing 8 hours a day. However, for the duration of the time he was salaried, Mr. Garza kept contemporaneous records of the hours he actually worked, because he believed the company would eventually come to its senses and pay him for that time. These records show Mr. Garza typically working twelve hours a day, five days a week, a schedule which yields 20 overtime hours a week.

Using the records that actually show the number of hours Mr. Garza worked, and using an average for the weeks when he did not retain his records, calculating damages is a straightforward matter of dividing his weekly compensation by the number of hours worked to derive an hourly rate and multiplying half that hourly rate by the number of overtime hours he worked. The calculation is the same when he was paid a day rate and when he was salaried. Together, his unpaid wages are represented by the following table:



Unpaid overtime and an equal amount as liquidated damages, however, does not represent the entirety of Mr. Garza's damages. As mentioned above, Mr. Garza knew he should have been paid overtime and objected to Mr. Matthews about this fact multiple times throughout his employment. Whether he knew Mr. Garza was right or simply tired of the questioning, Mr. Matthews terminated Mr. Garza's employment because of his complaints in November of 2016. Mr. Garza was not able to find employment until April of 2017.

Just as it protects an employee's right to receive overtime, so too does the FLSA protect an employee's right to be free from retaliation for asserting his right to receive overtime. In fact, the Supreme Court has recognized that oral complaints about the non-payment of wages are sufficient to trigger the FLSA's anti-relation provisions. *See Kasten v. Saint-Gobain Performance Plastics Corp.*, 563 U.S. 1 (2011). Under 29 U.S.C. § 216(b):

> Any employer who violates section 215(a)(3) of this title [i.e., the FLSA's anti-retaliation provisions] shall be liable for such legal or equitable relief as may be appropriate to effectuate the purposes of

> section 215(a)(3) of this title, including, without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages.

In other words, Elite is liable to Mr. Garza for the wages he would have been paid absent the retaliatory discharge. At the time of his termination, Elite was paying Mr. Garza $1,370 a week. As a result of his termination, he was out of work for 18 weeks.[1] As such, his retaliatory termination from Elite has caused Mr. Garza to incur ▮▮▮ in lost wages.

All of Mr. Garza's damages, complete with liquidated damages, fees, and costs, are listed in the table below:



Our settlement demand is ▮▮▮. If possible, Mr. Garza would prefer to resolve this case in advance of seeking conditional certification for the other workers that Elite paid on a day rate basis without overtime.

This offer will expire two weeks from the date of this letter. I look forward to hearing from you soon to discuss the reasonable and amicable resolution of Mr. Garza's claims.

    Sincerely,

    /s/John Neuman

---

[1] November 2016 to April 2017.